UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: HAROLD A. EDMONDSON and
BERNADETTE M. EDMONDSON,

No. 13-06-11422 MA

Debtors.

## ORDER ON CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

This matter is before the Court on confirmation of Debtors' Chapter 13 Plan. The Debtors' income is above the standard median income for a family of their size in this district. The Court previously determined that "projected disposable income" under 11 U.S.C. § 1325(b)(1)(B) for above-median income debtors is calculated by using the Debtors' current monthly income reported on the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C), as may be adjusted by Debtors' actual income reported on Schedule I, less the standardized expenses allowed under 11 U.S.C. § 1325(b)(3) and subparagraphs (A) and (B) of 11 U.S.C. § 707(b)(2). (*See* Docket # 41). Since the Court's ruling, the Debtors filed Amended Schedules I and J, and an Amended Form B22C. Creditor eCAST Settlement Corporation, assignee of Bank of America/FIA Card Services, formerly MBNA ("eCAST") filed a Supplemental Objection to Confirmation of Plan and supporting memorandum.

At the final hearing on May 31, 2007, the remaining objections to confirmation of Debtors' plan were narrowed to the following: 1) whether Debtors may deduct as an expense the mortgage payments associated with a rental property from which they no longer receive income; 2) whether Debtors may deduct their actual mortgage expense on Form B22C or are limited to $823.00 for mortgage expenses as established under the Internal Revenue Service

1

standards; and 3) whether Debtors' expense of $250.00 per month representing payments for cancer insurance is a reasonable and necessary expense. Debtors represented to the Court that they now intend to surrender the rental property. Further, based on changes in appropriate tax withholding amounts, reduced actual charitable contribution amounts, and reduced expenses for cellular telephone service, internet service, and satellite television, Debtors agree that the starting figure for monthly plan payments is $1,545.00, not $1071.00 as proposed in their plan. Debtors also agreed to contribute to their plan any tax refunds they receive over the life of the plan. At the conclusion of the hearing, the Court directed the Debtors to file an amended plan which provides for surrender of the rental property and adjusts the proposed monthly payment figure.

Because the Debtors are surrendering the rental property, the Court determined that the expenses associated with that property may not be deducted as expenses in computing the Debtors' projected disposable income.[1] The Court also ruled, based on the testimony of Bernadette Edmondson, that the Debtors' monthly expense for cancer insurance is reasonable and necessary. The sole remaining issue is the proper expense deduction attributable to the Debtors' residential mortgage. After reviewing the parties' memoranda, and being otherwise sufficiently informed, the Court finds that Debtors may deduct their actual monthly mortgage expense in computing their projected disposable income under 11 U.S.C. § 1325(b)(1)(B).

---

[1] *Cf. In re Love,* 350 B.R. 611, 614 (Bankr.M.D.Ala. 2006) (concluding that debtor cannot deduct payments on secured debts associated with property the debtor intends to surrender); *In re Crittendon,* 2006 WL 2547102 *4-*5 (Bankr.M.D.N.C. 2006) (concluding in the context of confirmation of a chapter 13 plan that payments on property the debtors will surrender do not constitute payments to secured creditors under § 707(b)(2)(A)(iii) and cannot be deducted for purposes of computing projected disposable income); *In re McGillis,* ___ B.R. ___, 2007 WL 1549071 *8 (Bankr.W.D.Mich. 2007) (finding that, for purposes of calculating projected disposable income, debtors could not deduct expenses for time share which they intended to surrender and for second mortgage the plan stated debtors would avoid).

2

FACTS AND DISCUSSION

Debtors current monthly income is above the median income of a family of their size in this district. Debtors' monthly mortgage payment, which includes monthly property tax proration, monthly homeowners' insurance proration and monthly homeowners' association fee is $1,765.06.[2] On lines 25Ba. and b. of Debtors' Amended Form B22C, Debtors list the IRS standard housing expense in the amount of $823.00, and report that the average monthly payment for any debts secured by their home is $1,765.00. Because the Debtors' average monthly mortgage payment is more than the IRS standard housing expense, Debtors have entered $0.00 as the total on Line 25B of Debtors' Amended Form B22C. On Line 47 of Debtors' Amended Form B22C, Debtors include their average monthly mortgage payment on their home in the amount of $1,765.06. That figure has then been deducted by the Debtors in computing their projected disposable income on Amended Form B22C.

Because the Debtors' income is greater than the median income for a family of the same size living in New Mexico[3], 11 U.S.C. § 1325(b)(3) limits "reasonable and necessary expenses" under 11 U.S.C. § 1325(b)(2) to the expenses determined in accordance with 11 U.S.C. § 707(b)(2)(A) and (B). *See* 11 U.S.C. § 1325(b)(3). Pursuant to 11 U.S.C. § 707(b)(2)(A)(ii)(I), a debtor's monthly expenses

> shall be the debtor's applicable monthly expense amounts specified under the

---

[2]There is a $36.00 discrepancy in the monthly mortgage payment reported on Debtors' Amended Schedule J and the amount reported on Line 47 of Form B22C. Debtors' Amended Schedule J reflects a monthly mortgage expense of $1,729.06, while Debtors' Amended Form B22C reflects a monthly mortgage payment attributable to their residence in the amount of $1,765.06.

[3]*See* 11 U.S.C. § 1325(b)(3)(A), (B), and (C).

3

> National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . .
>
> 11 U.S.C. § 707(b)(2)(A)(ii)(I).

Creditor eCast contends that because 11 U.S.C. 707(b)(2)(A)(ii)(I) requires that expenses be determined by the IRS National and Local Standards, the Debtors are strictly limited to the $823.00 IRS Standard housing expense and may not deduct their actual mortgage payment which exceeds the IRS Standard housing expense. It reasons further that because the language in 11 U.S.C. § 707(b)(2)(A)(ii) is mandatory (by use of the word "shall"), the IRS Standard allowances are determinative of reasonable necessity. Thus a debtor may not make unlimited payments on secured debt at the expense of their general unsecured creditors. Further, eCast points out that mortgage payments do not fall within the provision in 11 U.S.C. § 707(b)(2)(A)(ii)(I) for "actual monthly expenses" in categories specified by the IRS as Other Necessary Expenses, since those categories are limited to expenses that are necessary for the health and welfare of the debtor or his or her family, or for the production of income. *See* Internal Revenue Manual 5.15.1.10 (establishing standards for Other Necessary Expenses). Creditor eCast also notes that deviation from the standards may only be allowed upon a showing of "special circumstances" as contemplated by 11 U.S.C. § 707(b)(2)(B) and no special circumstances within the meaning of that section have been shown. *See* 11 U.S.C. § 707(b)(2)(B) ("special circumstances" are "a serious medical condition or a call or order to active duty in the Armed Forces"). Finally, eCast asserts that 11 U.S.C. § 707(b)(2)(A)(iii), which provides for deduction of payments on secured debts only applies once the payment passes the reasonable necessity test by fitting into the restricted, applicable, IRS Standard allowances under 11 U.S.C.

4

§ 707(b)(2)(A)(ii). This Court disagrees.

Section 707(b)(2)(A)(ii)(I), which restricts expenses to the National and Local Standards, provides further that "[n]otwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts." *Id.* Thus 11 U.S.C. § 707(b)(2)(A)(ii)(I) does not take into account a debtor's monthly mortgage payment. Those payments are accounted for in 11 U.S.C. § 707(b)(2)(A)(iii), which provides for the deduction of the debtor's average payments on secured debts, calculated as follows:

> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and

filing
> (II) any additional payments to secured creditors necessary for the debtor, in a plan under chapter 13 of this title to maintain possession of the debtor's primary residence, motor vehicle or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;

> divided by 60.

> 11 U.S.C. § 707(b)(2)(A)(iii)(I) and (II).

Debtors' actual monthly mortgage payment is a payment on a secured debt within the meaning of
11 U.S.C. § 707(b)(2)(A)(iii) which may be deducted as an expense when computing the Debtors' projected disposable income.

As explained by the bankruptcy court in *In re Carlton,* 362 B.R. 402 (Bankr.C.D.Ill. 2007), *reconsideration denied,* __ B.R. __, 2007 WL 1746819 (Bankr.C.D.Ill. 2007), a case which considered a debtors' deductions for secured debt payments on three vehicles, "[t]he ability to deduct the average monthly payments on secured debt is separate and distinct from the ownership expenses" under the IRS Standards. *Carlton,* 362 B.R. at 410. The *Carlton* court

5

concluded that debtors could deduct their secured payments for three vehicles in accordance with 11 U.S.C. § 707(b)(2)(A)(iii) despite the fact that the IRS standard vehicle ownership expenses are limited to two vehicles. *Id.*

The "reasonable and necessary" requirement contained in 11 U.S.C. § 1325(b)(2) remains generally applicable, but 11 U.S.C. § 1325(b)(3) further directs that "reasonable and necessary expenses" are to be determined in accordance with 11 U.S.C. § 707(b)(2)(A) and (B). Creditor eCast merely argues that the mortgage payment is, by definition, "unreasonable" because it exceeds the IRS Standard deduction for housing expenses. Yet, as explained above, the expense clearly falls within 11 U.S.C. § 707(b)(2)(A)(iii). In addition, there is no evidence before the Court that the amount of Debtors' mortgage payment is otherwise extraordinary. In sum, 11 U.S.C. § 707(b)(2)(A)(iii) allows for the deduction of debtor's average monthly payments on secured debts, and because the mortgage payment is for the Debtors' primary residence, such expense also appears to fit within 11 U.S.C. § 707(b)(2)(A)(iii)(II) as an additional payment to a secured creditor "necessary for the debtor, in filing a plan under chapter 13 of this title to maintain possession of the debtor's primary residence."

Finally, *In re McPherson,* 350 B.R. 38, 47 (Bankr.W.D.Va. 2006), a case cited by eCast in support of its objection, is not inconsistent with the Court's conclusion here. In *McPherson,* above-median income debtors proposed to deduct as an expense the total amount contractually due on a secured debt, divided by sixty, even though their plan proposed only to pay the secured portion of the claim. *McPherson,* 350 B.R. at 41. The *McPherson* court held that the debtors could not deduct the entire amount, reasoning in part that the plan created a new contract under which only the secured portion of the debt would be paid. *Id.* at 47. In this respect, *McPherson*

is analogous to the cases which find that a debtor may not deduct an expense for a property he or she intends to surrender. *See, e.g., Love,* 350 B.R. at 614. The Debtors' mortgage payment on their primary residence is a payment on a secured debt which the Debtors will continue to make upon confirmation of their plan. Such expense is appropriately deducted in accordance with 11 U.S.C. § 707(b)(2)(A)(iii) in calculating projected disposable income under 11 U.S.C. § 1325(b).

## CONCLUSION

Based on the foregoing, the Court finds that the Debtors' mortgage payment on their primary residence is not restricted to the IRS Standard. The full amount may be deducted from Debtors' income under 11 U.S.C. § 707(b)(2)(A)(iii). However, the mortgage payment associated with the rental property which the Debtors will surrender, and from which the Debtors no longer receive income, cannot be included in the expenses deducted in computing the Debtors' projected disposable income. Line 47 on Debtors' Form B22C reflects a monthly expense of $747.00 attributable to the rental property. Debtors' plan payment must, therefore, be increased by $747.00 per month.

WHEREFORE, IT IS HEREBY ORDERED that Debtor's sixty-month Chapter 13 plan must provide for a minimum monthly payment in the amount of $2,292.00.[4]

_____
MARK B. McFEELEY
United States Bankruptcy Court

---

[4]$1545.00 stipulated by the Debtors, plus $747.00, representing the expense attributable to the rental property the Debtors will surrender.

COPY TO:

P Diane Webb
Attorney for Debtors
PO Box 30456
Albuquerque, NM 87190-0456

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

James A Askew
Attorney for eCast Settlement Corporation assignee of MBNA America Bank NA
PO Box 1888
Albuquerque, NM 87103-1888

8